THE STATE OF OHIO, APPELLANT, *v.* PARKER, APPELLEE.

[Cite as *State v. Parker,* 113 Ohio St.3d 207, 2007-Ohio-1534.]

(No. 2006–0236—Submitted December 12, 2006—Decided April 18, 2007.)

**O'CONNOR, J.**

{¶ 1} In this case, we are called upon to determine whether the triple-count provision in R.C. 2945.71(E) applies when an incarcerated accused is initially arraigned on multiple charges in municipal court, but on some of those charges the defendant is bound over to the common pleas court.

## I. Background

{¶ 2} Jeremy Parker, appellee, was arrested on November 6, 2002, in connection with the discovery of a methamphetamine lab in Ashtabula County. As a result of his arrest, Parker was incarcerated and three separate complaints were filed in the Ashtabula Municipal Court, charging Parker with illegal manufacture of drugs, possession of drugs, and carrying a concealed weapon.

{¶ 3} The Ashtabula Municipal Court set bond for each of the three charges. A lower bond was set for the charge of carrying a concealed weapon, a misdemeanor, than for the two felony drug charges. After a November 15, 2002 preliminary hearing, Parker was bound over to the Ashtabula County Court of Common Pleas on the felony drug charges. The misdemeanor charge remained pending in the municipal court.

{¶ 4} On December 3, 2002, the state filed a motion in the common pleas court requesting that Parker's bond on the felony drug charges be modified to a personal recognizance bond. The motion was granted, but for unspecified reasons, Parker did not execute his recognizance bond until January 24, 2003. He then remained jailed on the misdemeanor charge, which still required bail in the form of cash or a surety bond.

{¶ 5} Parker was eventually indicted by the Ashtabula County Grand Jury on the felonies on January 23, 2003. According to the parties' briefs, on January 28, 2003, Parker posted the required bond on the concealed-weapon charge and was released, and, on motion of the city solicitor, the municipal court dismissed the concealed-weapon charge the next day.

{¶ 6} Parker was thus incarcerated on the felony charges from November 6, 2002, until January 24, 2003, when he posted the personal recognizance bond. This is a total of 79 days, and is the disputed time for the purposes of the R.C. 2945.71(E) triple-count provision.

{¶ 7} The trial court denied Parker's motion to dismiss on speedy-trial grounds. Parker pleaded no contest on September 23, 2003.

{¶ 8} The Eleventh District Court of Appeals reversed, holding that because the triple-count provision applied, Parker must be given credit for 302 days before being brought to trial, 32 more than allowed by R.C. 2945.71.

{¶ 9} If the triple-count provision does not apply, Parker had credit for only 144 days and was not entitled to dismissal on the basis of a speedy-trial violation.

## II. Analysis

{¶ 10} The question presented requires this court to clarify the rule announced in *State v. MacDonald* (1976), 48 Ohio St.2d 66, 2 O.O.3d 219, 357 N.E.2d 40. In *MacDonald*, we held that the triple-count provision applies "only to those defendants held in jail in lieu of bail solely on the pending charge." Id. at syllabus. The question now is, after a defendant is charged with two felonies and a misdemeanor arising from the same criminal incident, and the felonies are transferred to another jurisdiction that grants a personal recognizance bond, but the misdemeanor is subject to a cash or surety bond in the original jurisdiction, does the defendant remain incarcerated "solely on the pending charge"?

{¶ 11} We begin by noting our lengthy history of Sixth Amendment jurisprudence, including the application of R.C. 2945.71. "The right to a speedy trial is a fundamental right guaranteed by the Sixth Amendment to the United States Constitution, made obligatory on the states by the Fourteenth Amendment. Section 10, Article I of the Ohio Constitution guarantees an accused this same right. *State v. MacDonald* (1976), 48 Ohio St.2d 66, 68, 2 O.O.3d 219, 220, 357 N.E.2d 40, 42. Although the United States Supreme Court declined to establish the exact number of days within which a trial must be held, it recognized that states may prescribe a reasonable period of time consistent with constitutional requirements. *Barker v. Wingo* (1972), 407 U.S. 514, 523, 92 S.Ct. 2182, 2188, 33 L.Ed.2d 101, 113. In response to this authority, Ohio enacted R.C. 2945.71, which designates specific time requirements for the state to bring an accused to trial." *State v. Hughes* (1999), 86 Ohio St.3d 424, 425, 715 N.E.2d 540.

{¶ 12} As Chief Justice Moyer wrote in *Brecksville v. Cook* (1996), 75 Ohio St.3d 53, 55–56, 661 N.E.2d 706:

{¶ 13} "Ohio's speedy trial statute was implemented to incorporate the constitutional protection of the right to a speedy trial provided for in the Sixth Amendment to the United States Constitution and in Section 10, Article I of the Ohio Constitution. *State v. Broughton* (1991), 62 Ohio St.3d 253, 256, 581 N.E.2d 541, 544; see *Columbus v. Bonner* (1981), 2 Ohio App.3d 34, 36, 2 OBR 37, 39, 440 N.E.2d 606, 608. The constitutional guarantee of a speedy trial was originally considered necessary to prevent oppressive pretrial incarceration, to minimize the anxiety of the accused, and to limit the possibility that the defense will be

impaired. *State ex rel. Jones v. Cuyahoga Cty. Ct. of Common Pleas* (1978), 55 Ohio St.2d 130, 131, 9 O.O.3d 108, 109, 378 N.E.2d 471, 472.

{¶ 14} "Section 10, Article I of the Ohio Constitution guarantees to the party accused in any court 'a speedy public trial by an impartial jury.' 'Throughout the long history of litigation involving application of the speedy trial statutes, this court has repeatedly announced that the trial courts are to strictly enforce the legislative mandates evident in these statutes. This court's announced position of strict enforcement has been grounded in the conclusion that the speedy trial statutes implement the constitutional guarantee of a public speedy trial.' (Citations omitted.) *State v. Pachay* (1980), 64 Ohio St.2d 218, 221, 18 O.O.3d 427, 429, 416 N.E.2d 589, 591. We are acutely conscious of the magnitude of the rights we interpret today. We have also previously explained, however, that 'the prescribed times for trial set forth in R.C. 2945.71 are not absolute in all circumstances, but a certain measure of flexibility was intended by the General Assembly by the enactment of R.C. 2945.72, wherein discretionary authority is granted to extend the trial date beyond the R.C. 2945.71 time prescriptions.' *State v. Wentworth* (1978), 54 Ohio St.2d 171, 173, 8 O.O.3d 162, 163–164, 375 N.E.2d 424, 426. It is against these principles that we analyze the issues now before us."

{¶ 15} We have long held that the statutory speedy-trial limitations are mandatory and that the state must strictly comply with them. *Hughes,* 86 Ohio St.3d at 427, 715 N.E.2d 540. Further, "the fundamental right to a speedy trial cannot be sacrificed for judicial economy or presumed legislative goals." Id.

{¶ 16} In situations like the one before us, some lower courts have not applied the broad language in *MacDonald* literally, holding that "[w]here more than one charge has arisen from a single transaction and the multiple charges share a common litigation history from arrest onward, incarceration on the multiple charges will be considered incarceration on the 'pending charge' for the purposes of R.C. 2945.71(E)." *State v. Parsley* (1993), 82 Ohio App.3d 567, 571, 612 N.E.2d 813; see, also, *State v. Dach,* Trumbull App. Nos. 2005–T–0048 and 2005–T–0054, 2006-Ohio-3428, 2006 WL 1816251; *State v. Madden,* Franklin App. No. 04AP–1228, 2005-Ohio-4281, 2005 WL 1983376; *State v. Eldridge,* Scioto App. No. 02CA2842, 2003-Ohio-1198, 2003 WL 1145442; *State v. Carroll* (Oct. 17, 2000), Franklin App. No. 00AP–219, 2000 WL 1528622.

{¶ 17} The state does not challenge the application of the *Parsley* rule; indeed, it suggests only that the case is distinguishable.

{¶ 18} This court has not yet expressly adopted the rule in *Parsley.* We have, however, made related rulings that intimated the correctness of the ruling in *Parsley.* In *State v. Adams* (1989), 43 Ohio St.3d 67, 68, 538 N.E.2d 1025, we adopted the rule established in *State v. Clay* (1983), 9 Ohio App.3d 216, 218, 9

OBR 366, 459 N.E.2d 609, that "when new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge."

{¶ 19} Additionally, in *State v. Baker* (1997), 78 Ohio St.3d 108, 112, 676 N.E.2d 883, we acknowledged an exception to the speedy-trial timetable for subsequent indictments: "When additional criminal charges arise from facts distinct from those supporting an original charge, or the state was unaware of such facts at that time, the state is not required to bring the accused to trial within the same statutory period as the original charge under R.C. 2945.71 et seq." *Baker* involved subsequent indictments, all of which were the result of the same investigation, but the charges were the direct result of different events on different dates. We held that "in issuing a subsequent indictment, the state is not subject to the speedy-trial timetable of the initial indictment, when * * * the state did not know of these facts at the time of the initial indictment." Id. at 110, 676 N.E.2d 883.

{¶ 20} The *Parsley* rule comports well with the holdings of *Baker* and *Adams,* which, combined, stand for the proposition that speedy-trial time is not tolled for the filing of later charges that arose from the facts of the criminal incident that led to the first charge. There should be no difference if all the charges are filed at the same time, even in different courts.

{¶ 21} We therefore adopt the *Parsley* ruling and hold that when multiple charges arise from a criminal incident and share a common litigation history, pretrial incarceration on the multiple charges constitutes incarceration on the "pending charge" for the purposes of the triple-count provision of the speedy-trial statute, R.C. 2945.71(E).

{¶ 22} As mentioned, the state does not contest adoption of the *Parsley* rule, but instead argues that the charges did not share a common litigation history. This argument is belied both factually and logically.

{¶ 23} Parker was arraigned on three separate complaints in the municipal court on November 7, all related to the same occurrence that resulted in his arrest. From this point forward, he had no control over the commonality of the litigation or the courts in which the complaints were prosecuted.

{¶ 24} Despite their eventual separation, the charges at the time of the complaints could have proceeded together in one jurisdiction. Parker had no control over the decision to refer only the drug charges to the grand jury. The state cannot reasonably argue that it has a mechanism at its disposal whereby after bringing both misdemeanor and felony charges based on a single criminal

incident, and retaining the misdemeanor as a pending action in the municipal court, it can obviate any triple-count concerns.

{¶ 25} Criminal charges arising out of the same criminal incident and brought simultaneously will always be deemed to have a "common litigation history" for the purposes of establishing incarceration solely on the "pending charge" within the meaning of R.C. 2945.71(E), even if they are prosecuted in separate jurisdictions.

{¶ 26} At oral argument, counsel for both the state and Parker indicated that one of the reasons this situation has been exacerbated in Ashtabula County is the refusal of the common pleas court to adjudicate misdemeanor cases. As a result, defendants are often left with charges pending in two jurisdictions: either the county court or the municipal court for a misdemeanor, and the common pleas court for the felony counts.

{¶ 27} The problem here arose from the speedy-trial time running at the triple count due to Parker's actual incarceration. The continuation of incarceration was the product of the conflicting bonds imposed upon him. There was no coordination of bonds, because the municipal court had jurisdiction over the bond in effect for the concealed-weapon charge and the common pleas court had jurisdiction over the bond in effect for the drug charges.

{¶ 28} This practice, according to counsel for both parties, was born of necessity. The county prosecutor is unwilling to present misdemeanor charges to the grand jury arising out of the same set of circumstances giving rise to the felony charges (which would consolidate the prosecutions) because the common pleas judges disfavor misdemeanor prosecutions in their court.

{¶ 29} This is not an acceptable practice, and we express our concern over judges' refusing to accept a charge properly brought by indictment. Judges, as members of the judiciary, are obligated to fairly adjudicate any matter properly presented to them.

Judgment affirmed.

MOYER, C.J., FRENCH, PFEIFER and LANZINGER, JJ., concur.

LUNDBERG STRATTON and O'DONNELL, JJ., dissent.

JUDITH L. FRENCH, J., of the Tenth Appellate District, was assigned to sit for RESNICK, J., whose term ended on January 1, 2007.

CUPP, J., whose term began on January 2, 2007, did not participate in the consideration or decision of this case.

———————

O'DONNELL, J., dissenting.

{¶ 30} I respectfully dissent from today's decision, which represents a departure from a longstanding, well-understood rule that a person charged with an offense is not entitled to the triple-count provision of R.C. 2945.71 unless the person is held in jail solely on that pending charge.

{¶ 31} R.C. 2945.71(C)(2) requires that a person against whom a felony charge is pending "be brought to trial within two hundred seventy days after the person's arrest." R.C. 2945.71(E) provides, "For purposes of computing time under division[ ] * * * (C)(2) * * *, each day during which the accused is held in jail in lieu of bail *on the pending charge* shall be counted as three days." (Emphasis added.)

{¶ 32} Our jurisprudence with respect to speedy trial has been consistently developed as applicable only to defendants held in jail in lieu of bail solely on the pending charge and has functioned effectively. Though the majority cites *State v. MacDonald* (1976), 48 Ohio St.2d 66, 2 O.O.3d 219, 357 N.E.2d 40, it does not conduct any analysis of that case in reaching today's holding. There, MacDonald remained incarcerated as a result of a federal criminal conviction while awaiting trial on a state charge, which he sought to have dismissed on speedy trial grounds. Id. at 67, 2 O.O.3d 219, 357 N.E.2d 40. We rejected his speedy trial challenge, holding that the triple count provision of R.C. 2945.71 "is applicable only to those defendants held in jail in lieu of bail *solely* on the pending charge." (Emphasis added.) Id., paragraph one of the syllabus. In so holding, we reasoned that MacDonald was not incarcerated solely on the pending charge, because "[h]ad the Cuyahoga County prosecutor decided to drop his charges, [MacDonald] would not have been released because he was serving a two-year federal prison sentence." Id. at 71, 2 O.O.3d 219, 357 N.E.2d 40. Thus, if a defendant were to remain incarcerated on a separate charge despite posting bond on the primary charge, the triple-count provision of R.C. 2945.71 would not apply.

{¶ 33} In *State v. Ladd* (1978), 56 Ohio St.2d 197, 203, 10 O.O.3d 363, 383 N.E.2d 579, we rejected a speedy-trial challenge in a case involving separate state charges, rape and unauthorized use of a motor vehicle. We stated, "The fact that in *MacDonald* one charge was federal and the other state, whereas here both charges were by the state, does not justify our deviating from the rule at this time." Id. There, we acknowledged the holding in *Barker v. Wingo* (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, and recognized that the "determination of whether this right has been afforded an individual must be the product of balancing the reasons for, and length of, prosecutorial delay, against the defendant's assertion of this right to a speedy trial and prejudice to the defendant by its denial." *Ladd,* 56 Ohio St.2d at 200, 10 O.O.3d 363, 383 N.E.2d 579. We further stated our understanding that the *MacDonald* rule was not immutable and that it would not apply where it would "permit conduct *intended* to achieve

delay within the judicial system" (emphasis added), id. at 202, 10 O.O.3d 363, 383 N.E.2d 579, such as where "a prosecutor [adds] a frivolous charge to a meritorious one," id. at 203, 10 O.O.3d 363, 383 N.E.2d 579, fn. 4.

{¶ 34} The *Ladd* analysis, in my view, should apply here. Parker was not held in jail solely on the pending felony charges. He posted bond on the felony charges pending in the court of common pleas on January 24, 2003, but remained incarcerated until January 28, 2003, when he posted bond for the concealed-weapon charge pending in municipal court. Therefore, as in *MacDonald*, even if the prosecutor had nolled the felony charges prior to Parker's release on January 28, 2003, Parker would nonetheless have remained incarcerated on the pending concealed-weapon offense because his continued incarceration resulted from a separate charge, and where incarceration on one charge occurs independently of incarceration regarding another, *MacDonald* holds that the triple-count provision of R.C. 2945.71(E) does not apply. Furthermore, there is no evidence that the prosecutor pursued the concealed-weapons charge with the intent to "achieve delay within the judicial system." *Ladd,* 56 Ohio St.2d at 202, 10 O.O.3d 363, 383 N.E.2d 579. Absent such an invidious motive, I do not believe there is any reason to stray from the holding of *MacDonald.*

{¶ 35} We followed *MacDonald* in *State v. Coleman* (1989), 45 Ohio St.3d 298, 304, 544 N.E.2d 622, in which we rejected Coleman's speedy-trial challenge and upheld his death sentence, again holding that "[t]he ninety-day period of R.C. 2945.71 does not apply when a defendant is being held on multiple charges pending separate trials." Thus, "[s]ince [Coleman] was not being held in jail in lieu of bail solely on the pending charge, the ninety-day period of R.C. 2945.71 was inapplicable." Id.

{¶ 36} Parker faced both felony and misdemeanor charges before different tribunals. That the multiple counts arose from the same transaction or occurrence does not alter the application of the *MacDonald* rule. Accordingly, I would reverse the decision of the court of appeals, follow *MacDonald,* and hold that the triple-count provision of R.C. 2945.71(E) applies only to those situations in which a defendant is held in jail solely on the pending charge. Here, in my view, because Parker remained incarcerated on separate charges filed before different tribunals, the trial court correctly denied his motion for a speedy-trial dismissal.

{¶ 37} The majority's analysis using the origin of the offenses as the basis for determining application of the triple-count provision is an unnecessary departure from our jurisprudence. Accordingly, I respectfully dissent.

LUNDBERG STRATTON, J., concurs in the foregoing opinion.

---

Thomas L. Sartini, Ashtabula County Prosecuting Attorney, and Shelley M. Pratt, Assistant Prosecuting Attorney, for appellant.

Ashtabula County Public Defender, Inc. and Marie Lane, for appellee.

Charles B. Clovis, urging affirmance for amicus curiae, Ohio Association of Criminal Defense Lawyers.