[Cite as *State v. Jones*, 2011-Ohio-3404.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 10 MA 118 |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| DANIEL A. JONES, | ) | |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS:        Criminal Appeal from Common Pleas
                                 Court, Case No. 10 CR 315.

JUDGMENT:                        Affirmed.

APPEARANCES:
For Plaintiff-Appellant:          Attorney Paul J. Gains
                                  Prosecuting Attorney
                                  Attorney Ralph M. Rivera
                                  Assistant Prosecuting Attorney
                                  21 W. Boardman St., 6th Floor
                                  Youngstown, OH 44503

For Defendant-Appellee:           Attorney Ronald Yarwood
                                  The Liberty Building
                                  42 N. Phelps Street
                                  Youngstown, OH 44503

JUDGES:
Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Gene Donofrio

                                  Dated: June 28, 2011

DeGenaro, J.

{¶1} Plaintiff-Appellant State of Ohio, appeals the decision of the Mahoning County Court of Common Pleas dismissing with prejudice the indictment of Defendant-Appellee Daniel Jones, due to a violation of his speedy trial rights. The State argues that the triple-count provision of the speedy trial statue did not apply because Jones was being held on charges in the case at bar as well as a probation holder. The State alleges that the trial court erred in dismissing Jones's indictment because the State was still within the 270 day timeframe it had to bring Jones to trial. However, the State failed to raise this argument before the trial court and has, therefore, waived this argument on appeal. Accordingly, we affirm the judgment of the trial court.

### Facts and Procedural History

{¶2} On March 31, 2009, Jones pled guilty in the Mahoning County Court of Common Pleas, Case No. 2009 CR 174 to a charge of failure to register, pursuant to R.C. 2950.04(E). On June 3, 2009, the trial court sentenced Jones to community control, including an in-house program at the Community Corrections Association. On August 24, 2009, Jones absconded from the Community Corrections Association and fled to Kentucky. This resulted in three separate warrants.

{¶3} On August 31, 2009, the Mahoning County Court of Common Pleas issued a bench warrant for Jones for a probation violation on his failure to register charge. The Youngstown Municipal Court also issued a bench warrant for Jones for failure to register on September 1, 2009. Finally, on October 22, 2009, the Youngstown Municipal Court filed a complaint and state warrant against Jones for failure to provide a change of address.

{¶4} On October 27, 2009, the Kentucky State Police arrested Jones as a fugitive from another state. On October 30, 2009, the Mahoning County Sheriff's Office sent a fax to the Hopkins County Sheriff with instructions to hold Jones pending extradition approval. Jones was held in Kentucky and resisted extradition.

{¶5} On March 4, 2010, Jones was released from custody in Hopkins County on a $10,000 surety bond. A Governor's Warrant was issued for Jones on February 8, 2010 and on March 5, 2010 the Mahoning County Prosecutor's Office forwarded it to

Kentucky. That same day, the Kentucky officials arrested Jones and held him for extradition.

{¶6} On March 17, 2010, Jones was picked up in Kentucky, brought back to Ohio and incarcerated. On March 18, 2010, Jones was presented for his initial appearance, and he waived his preliminary hearing on March 24, 2010.

{¶7} On May 27, 2010, Jones was indicted by the Mahoning County Grand Jury for failure to provide a change of address, (R.C. 2950.05(A) and R.C. 2950.99), a first degree felony, and escape, (R.C. 2921.34(A)(1)(C)(2)(a)), a second degree felony. On June 8, 2010, Jones was arraigned, and the court set the case for trial on June 14, 2010.

{¶8} On June 15, 2010, the court held a hearing during which Jones made an oral motion to dismiss for violation of the speedy trial mandates of R.C. 2945.71. Jones, through counsel, asserted that the speedy trial clock began to run on the date of arrest on the Governor's Warrant on March 5, 2010, and as of the June 14 trial date, 101 days had expired on the speedy trial clock. Jones asked the court to dismiss the charges with prejudice pursuant to R.C. 2945.72.

{¶9} The State countered that the speedy trial clock began to run from the time Jones was returned to Ohio on March 17, 2010, and therefore, the 90th day on the clock was actually that day, June 15, 2010. In a June 18, 2010 judgment entry, the court granted Jones's motion to dismiss, ordered him to be released, and dismissed all charges with prejudice. The State filed a motion to vacate the June 15, 2010 order dismissing the case, and Jones filed a motion in opposition and objection.

{¶10} On July 15, 2010, the court held a hearing on the motion to vacate. Jones continued to argue that the State did not bring him to trial within the 90 day timeframe. The State argued that because Jones was extradited from another state, the Interstate Agreement on Detainers (R.C. 2963.30) applied, therefore, it had 120 days to bring Jones to trial from the time of his arrival in Ohio, and the date the trial court dismissed the case was still within the 120 day timeframe. The State argued in the alternative that if the IAD time frame did not apply, under R.C. 2945.71 the speedy trial time is tolled when a person is unavailable in another jurisdiction. Thus, the

speedy trial clock still would not have begun until Jones was returned to Ohio, with 89 days having run on the speedy trial clock on the date the trial court dismissed the case. The trial court took the matter under advisement and retained jurisdiction to decide the motion to vacate, recognizing that the State had one more day to file an appeal of the trial court's dismissal order, which the State did.

{¶11} On July 19, 2010, the trial court issued a judgment entry overruling the State's motion to vacate, finding the IAD did not apply because Jones was not serving a term of imprisonment in Kentucky when the Governor's Warrant was issued. Furthermore, the trial court acknowledged that the speedy trial statute provides for an extension of time in which a defendant must be brought to trial if the defendant is involved in extradition proceedings, provided that the prosecution exercises reasonable diligence, which the trial court found the prosecutor's office failed to do because it received the Governor's Warrant on February 8, 2010, but did not forward it to Kentucky until March 4, 2010, 24 days later.

### Waiver of Issue on Appeal

{¶12} The State asserts as its sole assignment of error:

{¶13} "The trial court erred in dismissing defendant's indictment, because the court incorrectly calculated it based upon a 90-day clock, where it should have calculated it based upon a 270-day clock; therefore, defendant's speedy trial clock did not expire."

{¶14} When reviewing a speedy trial issue, we count the days of delay chargeable to either side and determine whether the case was tried within the time limits pursuant to R.C. 2945.71. *State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, at ¶8. Our review of a trial court's decision regarding a motion to dismiss for violation of the speedy trial provisions involves a mixed question of law and fact. *State v. Brown* (1998), 131 Ohio App.3d 387, 391, 722 N.E.2d 594. We give due deference to the trial court's findings of fact if they are supported by competent, credible evidence. Id. However, we independently determine whether the trial court properly applied the law to the facts of the case. Id. When reviewing the legal issues in a speedy trial claim, we must strictly construe the statutes against the State. See

*Brecksville v. Cook* (1996), 75 Ohio St.3d 53, 57, 661 N.E.2d 706; *Brown* at 391.

**{¶15}** Jones asserts that because the State did not specifically argue to the trial court that the speedy trial calculation should be based upon 270 days, this Court should dismiss the State's appeal. This argument is meritorious and dispositive of this appeal.

**{¶16}** "Generally, an appellate court will not consider any error that counsel could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." *State v. Peagler* (1996), 76 Ohio St.3d 496, 499, 668 N.E.2d 489. A close review of the record reveals that at no time before the trial court did the State argue that the triple-count provision was inapplicable. Jones made an oral motion to dismiss for violation of the speedy trial statute, and the State failed to argue that the trial court should use a 270 day clock either at the hearing on the motion to dismiss or at the hearing on the State's motion to vacate.

**{¶17}** A defendant presents a prima facie case for dismissal based on a speedy trial violation when the defendant alleges that he or she was held solely on the pending charges and for a time exceeding the limits of the triple-count provision. *State v. Butcher* (1986), 27 Ohio St.3d 28, 30-31, 500 N.E.2d 1368. At this point, the burden shifts to the state to produce evidence that the speedy trial time had not elapsed by either showing that the defendant was not entitled to the triple-count provision or that the speedy trial time was extended by tolling events pursuant to R.C. 2945.72. Id. at 31.

**{¶18}** Jones made an oral motion to dismiss alleging that the date set for trial was 101 days from the date of the arrest on the Governor's Warrant. Jones also asserted that once he was arrested on the Governor's Warrant, he became a ward of the State of Ohio; however, he did not specifically allege that he was held solely on the pending charges. Jones did allege that both charges in the indictment arose out of the same conduct and cited to *State v. Parker*, 113 Ohio St.3d 207, 2007-Ohio-1534, 863 N.E.2d 1032. In *Parker*, the Ohio Supreme Court held that "[w]hen multiple charges arise from a criminal incident and share a common litigation history, pretrial

incarceration on the multiple charges constitutes incarceration on the 'pending charge' for the purposes of the triple-count provision of the speedy-trial statute, R.C. 2945.71(E)." Id. at paragraph one of the syllabus. Since Jones was not required to specifically state he was held "solely on the pending charges," his motion was sufficient to allege that he was held solely on the pending charges and presented a prima facie case for dismissal. See *State v. Green*, 4th Dist. No. 01CA2641, 2002-Ohio-3403, at ¶12-13.

{¶19} Because Jones presented a prima facie case, the burden of proof shifted to the State, and the State could have rebutted Jones's motion to dismiss by introducing evidence of a probation holder to demonstrate that Jones was not entitled to the triple-count provision. See *State v. Martin* (1978), 56 Ohio St.2d 207, 211, 383 N.E.2d 585 (holding that when a defendant is being held on a probation violation holder in addition to other pending criminal charges, the triple-count provision is inapplicable). Instead, the State argued that the IAD applied, providing the State with 120 days to bring Jones to trial. Further, the State argued that even if the trial court found this was a speedy trial issue, the 90 day clock did not expire until after the date set for trial.

{¶20} The State had two opportunities to raise the issue of the 270 day clock before the trial court, at the motion to dismiss hearing or the motion to vacate hearing, and yet it waited until this appeal to raise this argument.

{¶21} In *State v. Weatherspoon*, 5th Dist. No. 2006 CA 0013, 2006-Ohio-4794, the court found that a criminal defendant waived his argument that the triple-count provision applied when he did not raise it before the trial court. In *Weatherspoon*, the defendant filed a motion to dismiss alleging a speedy trial violation because the State did not bring him to trial within 270 days. Id. at ¶8. He neither argued that the triple-count provision applied, providing only 90 days to bring him to trial, in his motion to dismiss nor at the hearing on that motion. Id. at ¶43. The Fifth District found that the defendant waived the error by arguing it for the first time on appeal and noted that the court had no means of reviewing whether the defendant was being held solely on the pending charges. Id. at ¶44.

{¶22} In the instant case, we are able to determine whether Jones was being held solely on the pending charges. A thorough review of the record reveals that a probation holder did exist based upon the copy of the bench warrant from the Mahoning County Court of Common Pleas that Jones attached to his motion in opposition of the State's motion to vacate and an arrest fingerprint card in the record. Moreover, testimony from Jones and his counsel from the transcript of the hearing on the motion to vacate reveals that Jones was still being held on the probation holder after the charges in the case at bar were dismissed.

{¶23} However, similar to *Weatherspoon*, the State passed by two distinct opportunities to raise an argument regarding the triple-count provision and instead raised it for the first time on appeal. Although we can determine the existence of the probation holder from a careful search of the record, this does not change the fact that the State is raising its argument for the first time on appeal. The rules of waiver should apply equally to the State as they do to a criminal defendant, and the State should not be given another chance to raise an argument that it had ample opportunity to present before the trial court. In agreement with the Fifth District, we conclude that the State has waived its argument by failing to raise it below. Thus, the State's assignment of error is overruled.

{¶24} In conclusion, the State has waived its sole assignment of error. When Jones presented a prima facie case for dismissal based on a speedy trial violation, the burden shifted to the State to demonstrate that the triple-count provision did not apply. The State failed to argue to the trial court that the speedy trial calculation should be based upon a 270 day clock and cannot now raise this argument for the first time on appeal. Accordingly, the judgment of the trial court is affirmed.

Waite, P.J.

Donofrio, J.

APPROVED:

_____
JUDGE MARY DeGENARO