[Cite as *State v. Midgett*, 2021-Ohio-2317.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| DAJUAN MIDGETT | : | Case No. 2020 CA 0058 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:                Appeal from the  Court of Common
                                                                   Pleas, Case No. 2019CR520




JUDGMENT:                                               Reversed and Vacated




DATE OF JUDGMENT:                            July 7, 2021




APPEARANCES:

For Plaintiff-Appellee                                 For Defendant-Appellant

JOSEPH C. SNYDER                             DARIN AVERY
38 South Park Street                              105 Sturges Avenue
#2                                                          Mansfield, OH  44903

Mansfield, OH  44902

*Wise, Earle, J.*

{¶ 1}   Appellant DaJuan Jerome Midgett appeals the August 19, 2020 sentencing judgment entry of the Richland County Court of Common Pleas which sentenced Appellant to an aggregate prison term of 18 to 23.5 years for drug-related convictions. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   The METRICH Enforcement Unit is an Ohio law enforcement task force based in Richland County, Mansfield, Ohio. The primary focus of METRICH is drug enforcement, and the unit frequently uses confidential informants (CI) to make controlled buys from drug dealers.

{¶ 3}   On June 19, 2019, METRICH conducted a controlled buy at 26 ½ West Arch Street in Mansfield, the home of Barbara Garns. CI-23, the CI utilized in the buy was fitted with audio and video equipment so officers could remotely hear and see the buy as well as make a recorded record of the buy. Appellant sold CI-23 $140 worth of a heroin and fentanyl mixture; more than a gram.

{¶ 4}   Further controlled buys were conducted at the same residence. On June 26, 2019, as a result of these controlled buys, and other activity indicative of drug trafficking at the residence, Detective Nicole Gearhart obtained a search warrant for 26 ½ West Arch Street.  Officers executed the search warrant the same day.

{¶ 5}   Inside the home officers found Appellant, Garnes, and two other people. In Appellant's bedroom officers located baggies used to package drugs and digital scales used for weighing drugs. Appellant had $171 on his person.

{¶ 6} From the kitchen trash can officers located numerous baggies with the corners torn off indicative of packaging drugs for sale. Officers also located a pipe, and straws used for snorting drugs.

{¶ 7} In the living room, officers could see a package tucked down inside a heating duct. They needed to access the shared basement of the house in order to retrieve the package. When they did they extracted a foil package labeled "Rizzy" which contained a white powder. Rizzy is a slang term for a substance used to cut drugs to make the drug weaker and increase profit. Upon testing of the substance inside the package however, it was determined to contain 77.55 grams of a mixture of fentanyl and acetylfentanyl. The exterior of the package was swabbed and submitted for DNA testing. DNA obtained from the package was a match to Appellant.

{¶ 8} Appellant was arrested on June 26, 2019 and taken to the Richfield County Jail. The following day, Detective Gearhart filed three complaints against Appellant in the Mansfield Municipal Court. One complaint alleged drug trafficking on June 19, 2019 and two alleged drug trafficking on June 26, 2019. The Mansfield Municipal Court created two cases from the three complaints. Appellant's preliminary pretrial and preliminary hearings, however, were set at the same time. Appellant waived his preliminary hearing and remained incarcerated for the duration of this matter.

{¶ 9} The matter was bound over to the common pleas court on July 3, 2019. On July 29, 2019, the Richland County Grand Jury returned a 10-count indictment charging appellant with trafficking and possessing heroin, trafficking and possessing a fentanyl-related compound, and trafficking and possessing cocaine. Counts one through six of the

indictment pertained to the events surrounding execution of the search warrant on June 26, 2019. Counts seven through ten pertained to the controlled buy on June 19, 2019.

{¶ 10} On October 3, 2019, Appellant moved to dismiss arguing his speedy trial time had lapsed. Appellant argued because he had been incarcerated since his arrest, he was entitled to the 3 to 1 credit set forth in R.C. 2945.71(E). The same day he moved to continue the jury trial set for October 7, 2019.

{¶ 11} On October 9, 2019, the state filed a response to Appellant's motion to dismiss arguing that because Appellant was being held on multiple criminal incidents, his speedy trial time ran on a one-to-one basis regardless of the fact Appellant was incarcerated.

{¶ 12} On October 29, 2019, the trial court overruled Appellant's motion to dismiss finding that Appellant was being held on separate criminal incidents and that until those incidents were joined into one criminal indictment on July 31, 2019, Appellant was entitled to only a one-for-one count.[1] The trial court additionally granted Appellant's motion for a continuance and set trial for November 18, 2019.

{¶ 13} On January 8, 2020, Appellant filed a motion to suppress evidence seized on June 26, 2019. A hearing was held on the matter on July 22, 2020, the trial court denied the motion.

{¶ 14} Several attorneys were permitted to withdraw from this matter before trial. Appellant eventually went to trial with his fifth attorney on August 10, 2019 and was convicted of all counts except counts 4 and 6, trafficking in cocaine and possession of cocaine. Appellant was sentenced to an aggregate total of 18 to 23½ years incarceration.

---

[1] No hearing was held on the motion to dismiss.

{¶ 15} Appellant filed an appeal and the matter is now before this court for consideration. He raises eight assignments of error for our consideration as follow:

I

{¶ 16} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS FOR VIOLATING HIS RIGHT TO A SPEEDY TRIAL."

II

{¶ 17} "THE TRIAL COURT ERRED IN SENTENCING ON TWO COUNTS FOR TRAFFICKING ONE MIXTURE CONTAINING TWO DRUGS."

III

{¶ 18} "APPELLANT DID NOT RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL."

IV

{¶ 19} "THE TRIAL COURT ERRED IN ADMITTING MATERIAL WITHOUT AUTHENTICATION."

V

{¶ 20} "THE TRIAL COURT ERRED IN DENYING MIDGETT'S R. 29 MOTION FOR ACQUITTAL."

VI

{¶ 21} "THE TRIAL COURT ERRED IN RELYING ON FACTS NOT IN EVIDENCE WHEN SENTENCING MIDGETT."

VII

{¶ 22} "THE TRIAL COURT ERRED IN NOT SUPPRESSING EVIDENCE SEIZED WHEN OFFICERS EXECUTED THE SEARCH WARRANT ON JUNE 26, 2019."

VIII

{¶ 23} THE STATE DID NOT PRESENT SUFFICIENT EVIDENCE TO CONVICT THE DEFENDANT OF ANY CRIME, AS NOT WITNESS RELIABLY IDENTIFIED HIM."

I

{¶ 24} In his first assignment of error, Appellant argues the trial court erred in denying his motion to dismiss for violating his right to a speedy trial. We agree.

{¶ 25} Speedy-trial provisions are mandatory and are encompassed within the Sixth Amendment to the United States Constitution. The availability of a speedy trial to a person accused of a crime is a fundamental right made obligatory on the states through the Fourteenth Amendment. *State v. Ladd*, 56 Ohio St.2d 197, 200, 383 N.E.2d 579 (1978). "The statutory speedy trial provisions, R.C. 2945.71 et seq., constitute a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor and shall be strictly enforced by the courts of this state." *State v. Pachay*, 64 Ohio St.2d 218, 416 N.E.2d 589, syllabus (1980).

{¶ 26} A speedy-trial claim involves a mixed question of law and fact. *State v. Hickinbotham*, 5th Dist. Stark No. 2018CA000142, 2019-Ohio-2978, 2019 WL 4780988, ¶ 26, citing *State v. Jenkins*, 5th Dist. Stark No. 2009-CA-00150, 2010-Ohio-2719, ¶ 31, citing *State v. Larkin*, 5th Dist. Richland No. 2004-CA-103, 2005-Ohio-3122. As an appellate court, we must accept as true any facts found by the trial court and supported by competent, credible evidence. *Id.* With regard to the legal issues, however, we apply

a de novo standard of review and thus freely review the trial court's application of the law to the facts. *Id.*

{¶ 27} R.C. 2945.71(C)(2) requires "[a] person against whom a charge of felony is pending * * * be brought to trial within two hundred seventy days after his arrest." R.C. 2945.71(E) provides "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." In *State v. McDonald*, 48 Ohio St.2d 66 (1976), the Ohio Supreme Court held the triple count provision applies "only to those defendants held in jail in lieu of bail solely on the pending charge." *Id.* at syllabus.

{¶ 28} In the matter under consideration, the period of time in dispute is June 26, 2019 when Appellate was arrested until his indictment on July 29, 2019. Appellant argues he was entitled to triple count for this period of time and the state argues he was not. Neither party has provided this court with their respective speedy trial calculations.

{¶ 29} The parties do not dispute the basic facts. An investigation involving the residence at 26½ Arch Street led to three complaints all of which were filed in the Mansfield Municipal Court on the same day. The municipal court then created two cases from the three complaints. Once bound over to the common pleas court, the two municipal court cases became one case.

Appellant's Argument

{¶ 30} Appellant argues he was being held "solely on the pending charge" within the meaning of R.C. 2945.71(E) and was therefore entitled to the triple-count provision the entire time he was held in jail pending trial. He cites two Ohio Supreme Court cases in support, *State v. Baker*, 78 Ohio St.3d 108, 686 N.E.2d 883 (1997) and *State v. Parker*, 113 Ohio St.3d 207, 2007-Ohio-1534, 863 N.E.2d 1034.

{¶ 31} *Baker* involved the prosecution of a pharmacist who had sold prescription medications to undercover officers on several occasions. Baker was arrested on June 10, 1993. On the same day a search warrant was executed at two pharmacies owned by Baker wherein business and financial records were seized. *Baker*, 108-109.

{¶ 32} Baker was indicted a week later on several counts of trafficking and aggravated trafficking based on the controlled buys made before his arrest and the execution of the search warrants. *Id.*

{¶ 33} An audit of Baker's business records then commenced. As a result of these audits, completed in August and September of 1993, a second indictment was filed on June 1, 1994 charging Baker with additional counts of trafficking, aggravated trafficking, and Medicaid fraud. Baker filed a motion to dismiss the second indictment on July 27, 1994 alleging his speedy trial rights had been violated because the state was required to bring him to trial within the same time period as the first indictment. The motion was denied. Baker entered no contest pleas and appealed the trial court's denial of his motion to dismiss. *Baker,* 109.

{¶ 34} On appeal, the court agreed Baker's speedy-trial time began with the filing of the first indictment, but also found time tolled during the audit of Baker's records. Even so, the court found Baker still was not brought to trial within the 270-day time period. *Baker*, 109-110.

{¶ 35} The Ohio Supreme Court accepted the state's discretionary appeal and reversed finding "[i]n issuing a subsequent indictment, the state is not subject to the speedy-trial timetable of the initial indictment, when additional criminal charges arise from

facts different from the original charges, or the state did not know of these facts at the time of the initial indictment." *Baker* at syllabus.

{¶ 36} In *State v. Parker*, 113 Ohio St.3d 207, 2007-Ohio-1534, 863 N.E.2d 1032, Parker was arrested and incarcerated on three separate complaints, two felonies and one misdemeanor, all in connection with the discovery of a methamphetamine lab in Ashtabula County. All three complaints were filed in the Ashtabula Municipal Court. *Id.* ¶ 2.

{¶ 37} The municipal court set bond for each of the three complaints with the lowest bond on the misdemeanor. Due to a practice in place in Ashtabula County at the time, only the felony charges were bound over to the common pleas court. Parker was granted a recognizance bond by the common pleas court on the felony charges, but remained jailed on the misdemeanor charge which still required bail in the form of cash or surety bond. Parker was eventually released from the misdemeanor charge, but not before his speedy trial time had run if the felony and misdemeanor charges were collectively considered "the pending charge." *Id.* ¶ 3, 26-27.

{¶ 38} Parker filed a motion to dismiss on speedy trial grounds which was denied. Parker then pled no contest and appealed to the Eleventh District Court of Appeals. The Eleventh District reversed finding the triple count provision applied to all 3 charges. The state appealed and the Supreme Court of Ohio granted discretionary review. *Id.* ¶ 7-8.

{¶ 39} In its analysis, the Supreme Court adopted the rule established in *State v. Parsley*, 82 Ohio App.3d 567, 571, 612 N.E.2d 813 (10th Dist. 1993). That matter found "[w]here more than one charge has arisen from a single transaction and the multiple charges share a common litigation history from arrest onward, incarceration on the

multiple charges will be considered incarceration on the 'pending charge' for the purposes of R.C. 2945.71(E)." *Id.* ¶ 16.

{¶ 40} The *Parker* court also noted its previous holding in *State v. Adams*, 43 Ohio St.3d 67, 68, 538 N.E.2d 1025 (1989), wherein the court adopted the rule established in *State v. Clay*, 9 Ohio App.3d 216, 218, 459 N.E.2d 609 (11th Dist. 1983), which held "when new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge." *Id.* ¶ 18.

{¶ 41} The Parker court went on to affirm the 11th District Court of Appeals and held "[w]hen multiple charges arise from a criminal incident and share a common litigation history, pretrial incarceration on the multiple charges constitutes incarceration on the "pending charge" for the purposes of the triple-count provision of the speedy-trial statute, R.C. 2945.71(E)." *Id.* At paragraph one of the syllabus.

The State's Argument

{¶ 42} The state argues that since Appellant was being held on two cases with two different case numbers and with two different bonds, he was not entitled to a triple-count calculation because he was not being held "solely on the pending charge." The state further argues that Appellant's charges stemmed from multiple investigations.

{¶ 43} The state cites *State v. Dankworth*, 172 Ohio App.3d 159, 2007-Ohio-2588, 873 N.E.2d 902 (2d Dist.) to support this argument. *Dankworth* involved 4 separate complaints in the municipal court which were eventually combined into one indictment in the common pleas court. The complaints in the municipal court were filed on July 13,

2005, July 20, 2005, December 1, 2005, and December 9, 2005. Dankworth argued he was entitled to a three-for-one count during the pre-indictment period.

{¶ 44} Dankworth filed a motion to dismiss based on a speedy-trial violation and the trial court denied the same finding Dankworth's crimes involved 3 separate victims and 4 incident dates which occurred at 3 different locations.

{¶ 45} The trial court's decision was affirmed on appeal. After finding Dankworth's case factually distinguishable from *Parker,* supra, the court of appeals found:

> Unlike the situation in *Parker*, Dankworth's July 20 arrest was not related to a single criminal incident that resulted in multiple charges. Rather, Dankworth had engaged in four unrelated acts of criminal conduct, involving at least three separate victims, on four separate dates: forgery on July 17, 2005, theft of a firearm on July 12, 2005, violation of a protective order and burglary on July 18, 2005, and violation of a protective order and arson on July 20, 2005. The state filed separate complaints, and the municipal court imposed separate cash bonds for each of the offenses. Because Dankworth was arrested for numerous unrelated charges, he was not held in jail in lieu of bail on a single "pending charge." To the contrary, Dankworth was held in jail in lieu of bail on several unrelated charges.

{¶ 46} *Dankworth* at ¶ 35.

Analysis

{¶ 47} While none of the cases relied upon by the parties are on all fours with the matter at bar, each is instructive.

{¶ 48} We first find the state's reliance upon *Dankworth* misplaced. The state appears to hang its hat on the fact that both Dankworth and Appellant here had multiple municipal court cases and multiple bonds. While true, these facts do not end the inquiry.

{¶ 49} We further note that while the state argues the instant matter was the result of multiple investigations, such a conclusion is is not supported by the record. The state points to the testimony of Barbara Garns to support its contention there were multiple investigations. An examination of the state's transcript references, however, point to Garns' testimony regarding two controlled buys at her home, and speculation on her part as to where and how Appellant procured drugs to sell. Transcript of trial (T.) at 127, 132. Neither reference indicates multiple investigations took place, but instead evidence one continuous investigation into drug activity at Garns' home.

{¶ 50} Conversely, Detectives Wheeler and Gearhart both testified the search warrant for Garns' home was sought based in part on the controlled buy from Appellant on June 19, 2019. T. 192-193, 249-250. Indeed, all complaints against Appellant were filed at the same time. Unlike the case in *Baker*, supra, law enforcement in this matter possessed all relevant information at the time the complaints were filed.

{¶ 51} Appellant's case is most akin to *Parker*, supra. Here multiple charges stemmed from one investigation of one residence, which produced multiple related charges which shared a common litigation history. We find therefore, that Appellant was held in jail in lieu of bail "on the pending charge" pursuant to R.C. 2945.71(E).

{¶ 52} Next, we address the calculation of Appellant's speedy-trial time. Appellant was arrested on June 26, 2019 and remained in jail during the duration of this matter. The day of arrest does not count towards speedy trial time.

{¶ 53} No tolling events took place from June 27, 2019 until August 19, 2019 when Appellant requested discovery. Between June 27, 2019 and August 19, 2019, 54 days elapsed.

{¶ 54} The state replied to Appellant's request for discovery on August 23, 2019.

{¶ 55} No further tolling events took place until Appellant filed his motion to dismiss on October 3, 2019. Between August 23, 2019 and October 3, 2019, 42 days elapsed.

{¶ 56} 54 + 42 = 96. 96 x 3 = 288.

{¶ 57} We conclude Appellant was not brought to trial within speedy-trial time limits. Appellant's first assignment of error is therefore sustained.

## II, III, IV, V, VI, VII, VIII

{¶ 58} Given our resolution of Appellant's first assignment of error, the remaining assignments of error are moot.

{¶ 59} The judgment of the Richland County Court of Common Pleas is reversed and Appellant's convictions are vacated.

By Wise, Earle, J.

Delaney, J. concurs.

Hoffman, P.J. dissents.

EEW/rw

*Hoffman, P.J., dissenting*

**{¶60}**    I respectfully dissent from the majority opinion.  I do so based upon the Ohio Supreme Court's holding in *State v. Parker*, 113 Ohio St.3d 207, 2007-Ohio-1534, "where more than one charge has arisen from a single transaction and the multiple charges share a common litigation history from arrest onward, multiple charges will be considered incarceration on the 'pending charge' for the purpose of R.C. 2945.71 (E)." *Id.* ¶16.  Because the charges in the separately filed cases in the Mansfield Municipal Court did not arise from a single transaction or single incident, I find they were permissibly filed as separate cases and R.C. 2945.71(E) does not apply.

**{¶61}**   Unlike the majority, I find *State v. Dankworth*, 172 Ohio App.3d 159, 2007-Ohio-2588, applicable.  While I agree with the majority the charges against Appellant were the result of a continuous investigation and the charges share a common litigation history, the fact remains Appellant's arrest on June 26, 2019, was not related to a "single criminal incident", *Id.* at ¶35.  I find that was the controlling factor in *Dankworth*.

**{¶62}**  I would overrule Appellant's first assignment of error.