OPINION
{¶ 1} Appellant, Joseph A. Pellettiere, appeals from the judgment of the Kettering Municipal Court finding him guilty of violating Centerville Municipal Code 434.03, exceeding the maximum posted speed in a school zone. On appeal, Pellettiere asserts three assignments of error: (1) that his right to a speedy trial, pursuant to O.R.C. 2945.71(A), was violated because he was brought to trial more than thirty days after receiving his initial summons, (2) that the trial court improperly took judicial notice of the "laser speed measurement device," and (3) that the "laser speed measurement device evidence that was allowed was flawed."
 {¶ 2} On March 2, 2005, Pellettiere was stopped by Officer James Stephenson, of the Centerville Police Department, and cited for traveling thirty-eight (38) miles per hour in a twenty (20) mile per hour school zone. On March 10, 2005, Pellettiere appeared before the Kettering Municipal Court and entered a plea of not guilty. After accepting Pellettiere's plea, the trial court set the case for trial on March 28, 2005. On March 17, 2005, the State of Ohio moved for a continuance because the officer who had issued the citation was going to be out of town on vacation. The trial court granted the State of Ohio's motion on March 18, 2005, and set the matter for trial on April 4, 2005. On March 22, 2005, Pellettiere filed objections to the State of Ohio's motion for a continuance asserting that the continuance denied him his right to a speedy trial. The trial court overruled Pellettiere's objections on March 23, 2005.
 {¶ 3} On April 4, 2005, the Kettering Municipal Court conducted a trial, in which the only witness was Officer Stephenson. Upon hearing Officer Stephenson's testimony, the trial court found Pellettiere guilty and fined him fifty ($50) dollars. Pellettiere filed an appeal from the decision of the trial court. Pellettiere submitted a brief which asserts three assignments of error, however, the State of Ohio has not filed a response brief in this case.
APPELLANT'S FIRST ASSIGNMENT OF ERROR
 {¶ 4} Pellettiere asserts that his right to a speedy trial was violated because he was not brought to trial within thirty (30) days of receiving his citation, as is required by R.C.2945.71. Pellettiere received his citation for speeding on March 2, 2005. The trial was not conducted in this case until April 4, 2005, which was thirty-three (33) days after he received his summons (the citation). The thirtieth day in this case fell on Friday April 1, 2005. Pellettiere did not request any continuances, and in fact, filed a motion objecting to the State's request for a continuance. We conclude, however, that the State's request for a continuance was reasonable, thus the speedy trial provisions were tolled and Pellettiere's right to a speedy trial was not violated.
 {¶ 5} R.C. 2945.71(H) states that the time within which an accused must be brought to trial may be extended by "[t]he period of any continuance granted on the accused's own motion, and theperiod of any reasonable continuance granted other than upon theaccused's own motion." (Emphasis added). The Ohio Supreme Court has held that granting a continuance because the arresting officer will be out of town on vacation is reasonable and permits a trial after the speedy trial time period has expired. State v.Saffell (1988), 35 Ohio St.3d 90, 91-92.
 {¶ 6} There is nothing in the record which suggests that the trial court's grant of a continuance in this case was unreasonable. The State of Ohio filed the motion for continuance on March 17, 2005, and attached to their motion a letter from the arresting officer stating that he would be unavailable from March 23 until April 3, 2005. The following day the trial court granted the State's motion for a continuance and set the trial for April 4, 2005, the first day on which the arresting officer would be available. Accordingly, we find the grant of the continuance reasonable and thus find that Pellettiere's right to a speedy trial was not violated. Appellant's first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 7} Pellettiere's second assignment of error is that the trial court erred when it took judicial notice of the laser speed measurement device without expert testimony or evidence that judicial notice had been taken in a previous case. In support of his assertion, Pellettiere cites State v. Saphire (Dec. 8, 2000), Greene App. No. 00-CA-39, in which we held that a court may take judicial notice of a specific type of laser speed measurement device if it either hears expert testimony on that specific device, cites to a case from a court of binding authority that has taken judicial notice of that particular laser speed measurement device, or has taken judicial notice, in a prior case after hearing expert testimony, of the accuracy of the specific laser speed measurement device in the case before the court.
 {¶ 8} In State v. Saphire we held that the trial court had improperly taken judicial notice because "there is nothing in the record to show that the trial court has ever received expert evidence on and determined that the laser device used in this case is dependable and accurate." Id. That is unlike the situation in the case before us.
 {¶ 9} In the present case Pellettiere, acting pro se, objected to Officer Stephenson's testimony about the use of a laser speed measurement device. Specifically, Pellettiere objected by stating "[a]s far as I know the State has not taken judicial notice on this laser device as of this moment." (Emphasis added). The court responded by stating "[t]his Court has." That statement indicates that the trial court has taken evidence in the past which permits the court to take judicial notice of that particular type of laser speed measurement device. We find it unnecessary for the trial court to specifically state the case in which it heard expert testimony on the device.
 {¶ 10} We conclude that it was permissible for the trial court to take judicial notice that the specific laser speed measurement device in this case was accurate and reliable. Accordingly, Pellettiere's second assignment of error is not well taken and is overruled.
THIRD ASSIGNMENT OF ERROR
 {¶ 11} Pellettiere's third assignment of error is that the "laser speed measurement device evidence that was allowed was flawed. . . ." Pellettiere asserts a number of reasons why the reading from the laser device was flawed and should not have been admitted. Essentially, Pellettiere asserts that it was unconfirmed whether outside interference may have affected the laser's readings; he also asserts that the laser was not properly calibrated, and that Officer Stephenson did not know the exact specifications of the device nor follow the proper procedures for using the device.
 {¶ 12} We find Pellettiere's assertions unpersuasive. Officer Stephenson specifically testified that he calibrated the device both before his shift began and after he returned at the end of his shift. He further testified that he was trained in the operation of the device and operated it in conformance with his training on the day in which he observed Mr. Pellettiere speeding. This testimony of Officer Stephenson was properly admitted and is sufficient for the trial court to find Pellettiere guilty of speeding. See e.g., City of Westlake v.Krebs (Dec. 19, 2002), Cuyahoga App. No. 81382, 2002-Ohio-7073.
 {¶ 13} Further, Officer Stephenson testified that his own visual observation of Pellettiere's automobile indicated that it was traveling approximately thirty-five (35) miles per hour, which is consistent with the laser speed measurement device's reading of thirty-eight (38) miles per hour. Thus, based on Officer Stephenson's training with the unit, his verification both before and after his shift that the unit was properly calibrated, and his own personal observations, we conclude that the "laser speed measurement device evidence" was not flawed and was properly admitted. Accordingly, Pellettiere's third assignment of error is not well taken and is overruled.
 {¶ 14} Having overruled all three of Pellettiere's assignments of error we conclude that there was no error in the trial court's judgment finding Pellettiere guilty. Accordingly, the trial court's judgment is AFFIRMED.
. . . . . . . . . . . . Brogan and Wolff, JJ., concur.
(Hon. George M. Glasser sitting by assignment of the Chief Justice of the Supreme Court of Ohio).