OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Allan Underwood, appeals the decision of the Youngstown Municipal Court that accepted Underwood's no contest plea to driving under suspension and sentenced him accordingly. On appeal, Underwood argues that his plea was not knowing, intelligent, and voluntary; that the trial court should have allowed him to withdraw his plea; that the trial court did not give him an opportunity to be heard at sentencing; and that he was not given proper jail time credit. It is unnecessary to address many of these arguments since the trial court failed to either ensure that Underwood was actually pleading no contest or inform him in accordance with Crim. R. 11(E). Accordingly, the trial court's decision is reversed, Underwood's conviction is vacated and this case is remanded for further proceedings.
 {¶ 2} On November 15, 2006, Underwood was charged with disobeying a traffic control device and driving under suspension. He initially pleaded not guilty to these offenses and was appointed counsel. On May 9, 2007, Underwood entered into a plea agreement wherein he agreed to plead no contest to the charge of driving under suspension and the State agreed to dismiss the charge of disobeying a traffic control device. The trial court held a short hearing on the issue and accepted the plea.
 {¶ 3} At the plea hearing, Underwood disagreed with the trial court concerning the time he had served on the offense and orally moved to withdraw his no contest plea. The trial court denied the motion to withdraw and sentenced Underwood.
 {¶ 4} Because it is dispositive of this appeal, we will address out of order the second of four assignments of error, in which Underwood argues:
 {¶ 5} "Defendant/Appellant's plea of guilty was unconstitutional under both the United States Constitution and the Ohio Constitution as the same was not knowingly, intelligently, and voluntarily made."
 {¶ 6} Underwood contends that a trial court should comply with Crim. R. 11 in order for a no contest plea to be knowing, intelligent, and voluntary. He believes the trial court did not comply with Crim. R. 11 when accepting his plea in this case and did nothing else to ensure that his plea was knowing, intelligent, and voluntary. Therefore, he asks *Page 3 
that this court reverse his conviction and remand this case for further proceedings.
 {¶ 7} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution."State v. Engle, 74 Ohio St.3d 525, 527, 1996-Ohio-0179. A no contest plea will be considered knowing, intelligent, and voluntary if, before accepting the plea, the trial court, at the very least, substantially complied with the procedures set forth in Crim. R. 11. State v. Nero
(1990), 56 Ohio St.3d 106, 108. "Substantial compliance means that, under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving." Id.
 {¶ 8} "A trial court's obligations in accepting a plea depend upon the level of offense to which the defendant is pleading." State v.Jones, 116 Ohio St.3d 211, 2007-Ohio-6093, at ¶ 6. In this case, Underwood was convicted of driving under suspension, a first degree misdemeanor. R.C. 4510.11(C)(1). Crim. R. 11(D) and (E) govern pleas in misdemeanor cases. Pursuant to Crim. R. 2(C) and (D), respectively, a serious offense is defined as an offense for which confinement can be more than six months, and a petty offense is defined as an offense other than a serious offense. The maximum time of incarceration for a first degree misdemeanor is one hundred eighty days, which is not more than six months. R.C. 2929.24(A)(1). Accordingly, Underwood's violation is classified as a petty offense.
 {¶ 9} Crim. R. 11(E), which sets for the plea requirements for misdemeanor cases involving petty offenses, prevents a trial court from accepting a no contest plea "without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." The Ohio Supreme Court has held that this means that "a trial court is required to inform the defendant only of the effect of the specific plea being entered." Jones at ¶ 20.
 {¶ 10} Crim. R. 11(B)(2) defines the effect of a no contest plea as follows:
 {¶ 11} "The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or *Page 4 
criminal proceeding."
 {¶ 12} In order "to satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim. R. 11(B)." Jones at ¶ 25. This information may be provided to the defendant either orally or in writing. Id. at ¶ 51.
 {¶ 13} In this case, there is no indication in the record that the trial court ever gave any writings to Underwood to ensure that he understood that a no contest plea is an admission of the truth of the facts alleged. Furthermore, this information was not contained in the written plea agreement signed by Underwood and the prosecutor.
 {¶ 14} The trial court also failed to inform Underwood of the effect of the plea at the hearing on his change of plea. The following is the entire hearing the trial court conducted when accepting Underwood's plea:
 {¶ 15} "The Court: Allan Underwood.
 {¶ 16} "Mr. Ally: This matter was set for trial today. We have entered into a Rule 11 plea agreement, no contest to driving under suspension. The State will move to dismiss the accompanying traffic matter.
 {¶ 17} "Mr. Gollings: I was going to suggest maybe we can set this for a PSI, mainly because I got onto this case relatively late, Judge. The defendant advises me he spent some considerable jail time on this case. I don't have a calculation of how many days that actually was.
 {¶ 18} "The Court: I don't see where he spent any time in jail on this.
 {¶ 19} "Mr. Underwood: I spent from November 10th.
 {¶ 20} "The Court: I don't see where you spent any time on this.
 {¶ 21} "Mr. Underwood: Do you want me to explain?
 {¶ 22} "The Court: Yes.
 {¶ 23} "Mr. Underwood: The initial stop was from that right there. They thought other charges were going to be filed, so I stayed in jail basically on that charge right there. The other charges weren't filed, so I didn't come over here to court. They didn't give me a copy of the ticket. They didn't bring me to court to be arraigned. So when I finally got *Page 5 
over here on January 22nd and found out I had the charge you set it for, I can't remember, March 22nd.
 {¶ 24} "The Court: I am going to order a presentence investigation."
 {¶ 25} The trial court then "approved and adopted" this plea and then set the matter for sentencing, in a journal entry dated May 9, 2007.
 {¶ 26} The record reflects that the trial court failed to comply with the requirements of Crim. R. 11(E). It never ensured that Underwood understood the effect of the no contest plea. Moreover, it did not even hear Underwood agree to plead no contest to the driving under suspension charge. Thus, the trial court failed to ensure that Underwood's plea was knowing, intelligent, and voluntary.
 {¶ 27} The trial court's complete failure to ensure that Underwood was pleading no contest and that such a plea was knowing, intelligent, and voluntary means that it was unconstitutional to enforce that plea and convict Underwood. Thus, Underwood's second assignment of error is meritorious.
 {¶ 28} Underwood's remaining three assignments of error argue:
 {¶ 29} "The trial court abused its discretion in refusing to grant Defendant/Appellant's motion to withdraw his no contest plea prior to the imposition of sentence."
 {¶ 30} "The trial court erred by denying defense counsel and/or Defendant/Appellant a opportunity to be heard at Defendant/Appellant's sentencing hearing."
 {¶ 31} "The trial court abused its discretion in denying Defendant/Appellant's request for a continuance to determine proper jail time credit."
 {¶ 32} Our resolution of Underwood's second assignment of error renders these remaining assignments of error moot. Thus, pursuant to App. R. 12(A)(1)(c) we will not address their merits in this opinion.
 {¶ 33} In conclusion, the trial court completely failed to ensure that Underwood's plea was knowing, intelligent, and voluntary. Accordingly, the judgment of the trial court is reversed, Underwood's conviction is vacated and this case is remanded to the trial court *Page 6 
for further proceedings.
Donofrio, J., concurs.
 Vukovich, J., concurs. *Page 1