[Cite as *State v. Johnson*, 2023-Ohio-2094.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-02-011 |
| | : | O P I N I O N |
| - vs - | | 6/26/2023 |
| | : | |
| JACOBY JEESUS JOHNSON, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM FAIRFIELD MUNICIPAL COURT
Case No. 2022 CRB 00520

Stephen J. Wolterman, City of Fairfield Prosecuting Attorney, for appellee.

Engel & Martin, LLC, and Mary K. Martin, for appellant.

**S. POWELL, P.J.**

{¶ 1} Appellant, Jacoby Jeesus Johnson, appeals from his conviction in the Fairfield Municipal Court after he pled no contest to one count of first-degree misdemeanor receiving

stolen property.[1]  For the reasons outlined below, we dismiss this appeal for lack of a final appealable order.

{¶ 2}  On March 14, 2022, a complaint was filed charging Johnson with one count of receiving stolen property in violation of Fairfield Municipal Ordinance 545.18(a), a first-degree misdemeanor.  The charge arose after Johnson was alleged to have received, retained, or disposed of a stolen Samsung Galaxy S2 tablet belonging to Jeff Wyler Cadillac Kia Nissan ("Jeff Wyler"), a car dealership located on Dixie Highway in Fairfield, Butler County, Ohio.  Johnson was subsequently arrested on March 24, 2022, and issued a summons to appear before the municipal court on April 6, 2022.

{¶ 3}  On April 6, 2022, Johnson appeared before the municipal court as instructed. Johnson waived his right to counsel and entered a no contest plea to the count of first-degree misdemeanor receiving stolen property set forth within the complaint.  The municipal court accepted Johnson's plea, found Johnson guilty, and sentenced Johnson to 180 days in jail, with 90 of those days suspended.  The municipal court also ordered Johnson to pay a fine, placed Johnson on three years of reporting probation, and scheduled the matter for a restitution hearing.

{¶ 4}  On May 13, 2022, and before the restitution hearing had been held, Johnson filed a pro se notice of appeal with the municipal court clerk.  This appeal was ultimately given Case No. CA2022-06-058.  Approximately two weeks later, on June 1, 2022, the municipal court held the previously scheduled restitution hearing.  During this hearing, the municipal court acknowledged that Johnson had filed a pro se notice of appeal, which divested it of jurisdiction to consider Johnson's recently filed request to vacate and set aside

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar for purposes of issuing this opinion.

its prior decision finding him guilty. The municipal court also noted that it did not know if it still had jurisdiction to proceed with the restitution hearing given that Johnson had filed a notice of appeal, but that it believed "the appropriate way to handle it" would be to allow Johnson to:

> continue with his appeal at the Court of Appeals. Once that comes back, whatever way they rule, then we will set it. If they rule that the judgment stands, then we will do a restitution hearing.

{¶ 5} The municipal court then noted that it was "open to suggestions." To this, Johnson's defense counsel advised the municipal court that although he does not "do appellate work," he was "assigned to represent Mr. Johnson in the capacity as a public defender for the scope of [the] restitution hearing," that he "did [his] due diligence and prepared for the restitution hearing," so he "would ask" that the restitution hearing "go forward on that one tablet." The municipal court then turned to the state and asked how much a Samsung Galaxy S2 tablet cost. The state responded that it was requesting Johnson pay restitution to Jeff Wyler in the amount of $639.97. The municipal court then stated, "I'm going to order restitution in that amount. Mr. Johnson, if it is your intent to appeal, then you need to make sure that you did it properly," and "follow through with it, young man." The municipal court subsequently issued an entry setting forth its order of restitution requiring Johnson to pay Jeff Wyler $639.97 in restitution.

{¶ 6} On December 28, 2022, this court issued an accelerated calendar judgment entry dismissing Johnson's appeal in Case No. CA2022-06-058 for lack of a final appealable order. In so doing, this court stated:

> For a final appealable order to exist in a case involving restitution, the trial court must decide the specific amount of restitution an offender owes. *State v. Lewis*, 12th Dist. Butler No. CA2019-07-128, 2020-Ohio-3762, ¶ 15. When a judgment entry orders restitution but fails to set the amount or method of payment, the entry is not a final appealable order. *Id.*

{¶ 7} This court also stated:

On April 6, 2022, the trial court issued an order finding Johnson guilty but continuing his case for a later restitution hearing. Johnson noticed his appeal of the April 6, 2022, order prior to the date the trial court determined restitution. Accordingly, the April 6, 2022, order was not a final appealable order pursuant to R.C. 2505.02.

{¶ 8} On January 27, 2023, Johnson, now represented by counsel, filed a notice of appeal from the municipal court's June 1, 2022 entry ordering him to pay restitution to Jeff Wyler in the amount of $639.97. Shortly thereafter, on February 8, 2023, Johnson filed a motion with this court seeking leave to file his appeal out of time. The following month, on March 14, 2023, this court issued an entry granting Johnson's motion for leave to file his untimely appeal. Thirteen days later, on March 27, 2023, Johnson filed his appellate brief, to which the state filed its appellee brief on April 4, 2023. The appeal was then submitted to this court for decision on June 7, 2023. Johnson's appeal now before this court for decision, Johnson has raised three assignments of error for this court's review. However, rather than addressing Johnson's three assigned errors, we must also dismiss this appeal for a lack of a final appealable order.

{¶ 9} Pursuant to R.C. 2505.04, an appellant perfects his or her appeal of a final order, judgment, or decree of a court, by filing a notice of appeal in accordance with the Rules of Appellate Procedure. *State v. Liso*, 12th Dist. Brown No. CA2012-08-017, ¶ 37. Once this occurs, the trial court is divested of jurisdiction over matters that are inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment on appeal. *State v. Dunning*, 12th Dist. Warren Nos. CA2013-05-048 and CA2013-06-058, 2014-Ohio-253, ¶ 8. "This rule applies even where the appellate court ultimately determines that the order appealed from was not a final, appealable order and later dismisses the appeal for lack of jurisdiction." *State v. Aarons*, 8th Dist. Cuyahoga No. 110313, 2021-Ohio-3671, ¶

- 4 -

20, citing *State ex rel. Elec. Classroom of Tomorrow v. Cuyahoga County Court of Common Pleas*, 129 Ohio St.3d 30, 2011-Ohio-626, ¶ 15-16.  For example, where the defendant files a premature notice of appeal from a trial court's guilt finding, the trial court lacks jurisdiction to sentence the defendant until the case is remanded by the appellate court.  *See, e.g., State v. Guterba*, 7th Dist. Columbiana No. 21 CO 0020, 2022-Ohio-1613, ¶ 2.  "Ordering restitution and reimbursement is part of criminal sentencing."  *State v. Thames*, 11th Dist. Lake Nos. 2021-L-094 thru 2021-L-099, 2022-Ohio-1715, ¶ 34, citing *State v. Danison*, 105 Ohio St.3d 127, 2005-Ohio-781, ¶ 6.  This includes criminal sentencing for misdemeanor offenses like receiving stolen property.  *State v. Miles*, 1st Dist. Hamilton No. C-210226, 2021-Ohio-4581, ¶ 7.

{¶ 10} Given these principles, it is unfortunately the case that the municipal court lacked jurisdiction to hold a restitution hearing on June 1, 2022 and issue an entry ordering Johnson to pay restitution to Jeff Wyler in the amount $639.97 after Johnson filed his premature notice of appeal in Case No. CA2022-06-058.[2]  This remained true up until this court issued its accelerated calendar judgment entry dismissing Johnson's appeal for lack of a final appealable order on December 28, 2022.  Therefore, because the municipal court was divested of jurisdiction over matters that were inconsistent with this court's jurisdiction to reverse, modify, or affirm the judgment on appeal upon Johnson filing his premature notice of appeal, the municipal court's restitution hearing and subsequent entry ordering Johnson to pay restitution to Jeff Wyler in the amount of $639.97 are nullities that have no legal effect.  That is, practically speaking, it is as if they never happened.  *See Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, ¶ 70 (Pfeifer, J., dissenting) ("[b]y definition a

---

2. It is equally unfortunate that this court further delayed the resolution of this matter by granting Johnson's motion for leave to file his appeal out of time when the appeal was not being taken from a final appealable order.

nullity is something that never happened").  Accordingly, because Johnson's appeal in this case is being taken from a legal nullity rather than from a final appealable order, this appeal must be dismissed for lack of a final appealable order.

{¶ 11} In so holding, we note that in his motion for leave to file his delayed appeal, Johnson claimed the municipal court "did not submit his appeal until after the final appealable order was filed on June 1, 2022."  This appears to be Johnson's explanation for why if his pro se notice of appeal filed in Case No. CA2022-06-058 was presented to the municipal court clerk and filed on May 13, 2022, it was not transferred to the appellate clerk, i.e., the Butler County Clerk of Courts, until June 2, 2022, and subsequently received by this court on June 7, 2022.  If what Johnson claims is true, which the record before this court is silent either way, we find it necessary to highlight the language set forth in App.R. 3(A), which states that "[a]n appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4."  App.R. 3(A) also provides that the "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal."  Therefore, regardless of when the municipal court submitted Johnson's notice of appeal to the Butler County Clerk of Courts, Johnson's notice of appeal was considered perfected upon its filing with the municipal court clerk on May 13, 2022.

{¶ 12}  Appeal dismissed.

PIPER and BYRNE, JJ., concur.