[Cite as *State v. Johnson*, 2024-Ohio-1089.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-10-112 |
| | : | O P I N I O N |
| - vs - | | 3/25/2024 |
| | : | |
| JACOBY JEESUS JOHNSON, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM FAIRFIELD MUNICIPAL COURT
Case No. 2022 CR 00520


Stephen J. Wolterman, City of Fairfield Prosecutor, for appellee.

Engel & Martin, L.L.C., and Mary K. Martin, for appellant.



**S. POWELL, P.J.**

{¶ 1} Appellant, Jacoby Jeesus Johnson, appeals his conviction in the Fairfield Municipal Court after he pled no contest to one count of first-degree misdemeanor receiving stolen property.[1] For the reasons outlined below, we affirm Johnson's

---

1. This is the third appeal Johnson has taken from his receiving stolen property conviction after his first two appeals were dismissed for lack of a final appealable order. *See State v. Johnson*, 12th Dist. Butler No.

conviction.

{¶ 2} On March 14, 2022, a complaint was filed charging Johnson with one count of receiving stolen property in violation of Fairfield Municipal Ordinance 545.18(a), a first-degree misdemeanor. Pursuant to that ordinance:

> No person shall receive, retain or dispose of property of another, knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense.[2]

{¶ 3} As set forth within the complaint, the charge arose on February 26, 2022 after it was alleged Johnson had received, retained, or disposed of a Samsung Galaxy S2 tablet with the serial number R52GA0AZ0SA that belonged to a well-known local car dealership, Jeff Wyler Cadillac Kia Nissan ("Jeff Wyler"), located in Fairfield, Butler County, Ohio, knowingly, or having reasonable cause to believe, that the tablet had been obtained through the commission of a theft offense. Those allegations appeared in the complaint as follows:

> COMPLAINANT BEING DULY SWORN STATES THAT Jacoby Jeesus Johnson, AT FAIRFIELD, BUTLER COUNTY OHIO ON OR ABOUT 02/26/2022, did, receive, retain, or dispose of certain property being Samsung Galaxy S2 tablet (Serial number R52GA0AZ0SA), the property of another, one Jeff Wyler Cadillac Kia Nissan, the said Jacoby Jeesus Johnson knowing or having reasonable cause to believe said property had been obtained through the commission of a theft offense; a misdemeanor of the first degree.

{¶ 4} On March 24, 2022, Johnson was arrested and thereafter issued a summons to appear before the trial court on the morning of April 6, 2022. On April 6,

---

CA2022-06-058 (December 28, 2022) (accelerated calendar judgment entry dismissing Johnson's first appeal for lack of a final appealable order); and *State v. Johnson*, 12th Dist. Butler No. CA2023-02-011, 2023-Ohio-2094 (decision dismissing Johnson's second appeal for lack of a final appealable order). Johnson's appeal of his receiving stolen property conviction is now, finally, ready for this court's review.

2. The language set forth in Fairfield Municipal Ordinance 545.18(a) is identical to the language contained in R.C. 2913.51(A).

2022, Johnson appeared before the trial court as instructed. Once there, the trial court played for Johnson, as well as the other defendants then in the courtroom, an audio recording containing the trial court's constitutional rights narrative. There is no dispute that this recording included the following advisement as it relates to a plea of no contest:

> A plea of no contest is not an admission of guilt, but is an admission by you of the truth of the facts alleged in the complaint or summons and permits you to make an explanation. A plea of no contest cannot be used against you in any subsequent civil or criminal proceeding.

{¶ 5} Following the playing of the trial court's constitutional rights narrative, Johnson's case was called and the trial court asked Johnson if he understood his constitutional rights as had been provided to him in the aforementioned recording. To this, Johnson stated, "Yes, Ma'am." The trial court then asked Johnson if he wished to be represented by an attorney. Johnson replied, "No. I will represent myself, Ma'am." The trial court then asked Johnson if he had signed the form provided to him acknowledging that he had been advised of his constitutional rights and that he was waiving his right to counsel. Johnson indicated that he had not. The trial court then provided Johnson with the necessary form, which Johnson took from the bailiff and signed without objection. There is no dispute that the form signed by Johnson included an advisement that stated, in pertinent part, "[t]hat the plea of no contest does not admit guilt but is an admission by me of the truth of the facts alleged in the complaint against me and shall not be used against me in any subsequent civil or criminal proceedings."

{¶ 6} Upon the trial court receiving the signed form back from Johnson, the trial court then asked Johnson how he wished to plead. Johnson stated, "No contest, Ma'am." The trial court then asked Johnson, "Sir, you understand when you plead no contest, you are admitting the facts?" Johnson responded, "Yes. Ma'am," to which the trial court stated, "That's what it means." Following this exchange, the trial court then read the

following recitation of facts into the record:

> They're alleging on February 26, 2022 Jeff Wyler's reported a theft; four Samsung Galaxy S2 tablets were stolen from the service garage by an unknown offender.
>
> One tablet had a serial number. Surveillance video shows the subject entered the shop and walked towards where the tablets were kept. He then runs from the shop.
>
> A newer model gray Honda Accord is seen in the area where the subject comes from and runs to. This occurred on February 26, 2022 between 3:10 p.m. and 3:30 p.m.
>
> The tablet with the known serial number was entered as stolen in LEADS in NCIC. A LEADS online hit showed that the entered stolen tablet had been sold to Cash America Pawn Shop located at 7901 Reading Road by Jacoby Johnson for $51 on February 28, 2022 at 4:12 p.m.
>
> Jeff Wyler's had Johnson's vehicle in for service for an engine repair at the time of the theft. Johnson was given a gray Honda Accord rental car by Jeff Wyler while his vehicle was being repaired.
>
> This vehicle matches the appearance of the vehicle seen at Jeff Wyler's around the time of the theft. Josh Bailey of Cash America Pawn provided a surveillance video of the transaction.
>
> The video shows Johnson selling the tablet valued at $250 for $51. Johnson's identification was verified by using his driver's license. Johnson's driver's license image was compared to the Cash America Pawn surveillance video and he was identified as the subject selling the stolen tablet to Cash America Pawn.
>
> Surveillance video shows Johnson in the same gray Honda Accord.

{¶ 7} Once the trial court finished, the trial court asked Johnson if there was anything he would like to add to the facts. To this, Johnson replied:

> I just wanted the cops to know that I was given this. I didn't know it was stolen. I know I bought it for $30 off a friend of mine. I went to a, I'm about to say family gathering, it was like an anniversary of me and my girlfriend and my stepson, and my friend talked it up, talked, gave it to me for $30.

I actually wanted a tablet for my stepson that I ordered from Verizon. I have documentation from Verizon, it's an Apple 9th generation tablet that I had never received.

So with that being said, I bought the tablet thinking that I could provide it to my stepson. I found out it did not have Facetime on it, so I sold it at the pawn shop.

I would not have provided my identification if I knew it was stolen. I wouldn't have even went to the pawn shop in the first place if I knew it was stolen.

{¶ 8} Upon hearing from Johnson, the trial court then issued its decision finding Johnson guilty. The trial court then immediately proceeded to sentencing where it sentenced Johnson to 180 days in jail, with 90 of those days suspended. The trial court also ordered Johnson to pay a fine of $1,000, for which $150 was suspended, and placed Johnson on three years of reporting probation. The trial court further ordered Johnson to stay away from Jeff Wyler and advised Johnson that he was "not to return there at any time for any reason." The trial court then set the matter for a restitution hearing, which ultimately took place on August 24, 2023, resulting in the parties agreeing that Johnson would pay restitution to Jeff Wyler in the amount of $250. Johnson filed a notice of appeal later that same day. Johnson's appeal now properly before this court for decision, Johnson has raised two assignments of error for review.

{¶ 9} Assignment of Error No. 1:

{¶ 10} APPELLANT'S PLEA WAS NOT KNOWING, INTELLIGENT, AND VOLUNTARY.

{¶ 11} In his first assignment of error, Johnson argues his no contest plea was not knowingly, intelligently, and voluntarily entered. We disagree.

{¶ 12} "A criminal defendant's choice to enter a plea of guilty or no contest is a serious decision." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 25. To that

end, "'[b]ecause a no-contest or guilty plea involves a waiver of constitutional rights, a defendant's decision to enter [such] a plea must be knowing, intelligent, and voluntary.'" (Brackets sic.) *State v. Drain*, 170 Ohio St.3d 107, 2022-Ohio-3697, ¶ 31, quoting *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, ¶ 10. "Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Ackley*, 12th Dist. Madison No. CA2013-04-010, 2014-Ohio-876, ¶ 8.

{¶ 13} A trial court's obligations in accepting a defendant's plea as being knowingly, intelligently, and voluntarily entered is dependent "upon the level of offense to which the defendant is pleading.'" *State v. Muhire*, 12th Dist. Butler No. CA2022-10-095, 2023-Ohio-1181, ¶ 11, quoting *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, ¶ 6. While it is Crim.R. 11(C) that governs pleas in felony cases, it is Crim.R. 11(D) and (E) that governs pleas in misdemeanor cases. *State v. Underwood*, 7th Dist. Mahoning No. 07 MA 121, 2008-Ohio-3188, ¶ 8. The advisements required for misdemeanors under Crim.R. 11(D) and (E) are dependent upon "whether the misdemeanor is a 'serious offense' or a 'petty offense.'" *State v. Ybarra*, 6th Dist. Wood No. WD-19-006, 2019-Ohio-4824, ¶ 28. A "petty offense" is defined by Crim.R. 2(D) to mean "a misdemeanor other than a serious offense." Crim.R. 2(C) defines a "serious offense" as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months."

{¶ 14} As noted above, Johnson pled no contest to first-degree misdemeanor receiving stolen property in violation of Fairfield Municipal Ordinance 545.18(a). That offense carries a maximum sentence of not more than 180 days in jail, *see* R.C. 2929.24(A)(1), thereby rending it a "petty offense" subject to the plea procedure set forth in Crim.R. 11(E). Crim.R. 11(E) provides that, in misdemeanor cases involving petty

offenses, "the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty." That is to say, pursuant to Crim.R. 11(E), "the trial court must not accept a defendant's no contest plea without first informing the defendant of the effect of his or her plea." *Muhire*, 2023-Ohio-1181 at ¶ 13, citing *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, ¶ 20 ("in accepting a plea to a misdemeanor involving a petty offense, a trial court is required to inform the defendant only of the effect of the specific plea being entered").

{¶ 15} Whether orally or in writing, advising the defendant of the effect of his or her plea requires the trial court to "inform the defendant of the appropriate language found under Crim.R. 11(B)." *State v. Chatman*, 12th Dist. Butler No. CA2019-02-034, 2019-Ohio-5026, ¶ 13. Crim.R. 11(B)(1) provides the applicable language for a plea of guilty. *State v. Willis*, 6th Dist. Wood No. WD-16-048, 2019-Ohio-1182, ¶ 11. Crim.R. 11(B)(2) provides the appropriate language for a plea of no contest. *State v. Brown*, 9th Dist. Lorain No. 19CA011588, 2021-Ohio-3443, ¶ 8. Specifically, as it relates to a defendant's plea of no contest, Crim.R. 11(B)(2) requires the trial court to inform the defendant that "[t]he plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint * * *. Crim.R. 11(B)(2) also requires the trial court to inform the defendant that "the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."

{¶ 16} The record firmly establishes that the trial court informed Johnson of the effect of his no contest plea in accordance with Crim.R. 11(E) both orally and in writing. Johnson does not dispute this fact. Rather, although acknowledging that the trial court complied with the requirements set forth under Crim.R. 11(B)(2) by informing him of the effect of a defendant's no contest plea, Johnson argues that, when considering that he

denied knowing the tablet was stolen following the trial court's recitation of the facts, it is clear that he did not "subjectively understand" the effect of him entering a plea of no contest would likely result in the trial court finding him guilty. To support this claim, Johnson argues that him denying any knowledge that the tablet was stolen proves he did not fully comprehend that "he was admitting to facts that alleged that he knowingly possessed stolen property."

{¶ 17} However, while it may be true that Johnson claimed to not know the tablet was stolen following the trial court's recitation of the facts, the trial court was not required to believe Johnson's story as to how he came into possession of the tablet. The trial court was also not required to find credible Johnson's alleged ignorance that the tablet was stolen. This is particularly true here when considering Johnson specifically stated that he was denying having any knowledge that the tablet was stolen simply because he "wanted the cops to know that I was given this." We fail to see how this in any way indicates Johnson did not "subjectively understand" the effects of him entering a no contest plea would be an admission of the truth of the facts alleged in the complaint. This includes the fact that Johnson acted knowingly, or having reasonable cause to believe, that the tablet had been obtained through the commission of a theft offense.

{¶ 18} A defendant rebutting the trial court's recitation of facts is not the same as a defendant subjectively not understanding that, by entering a plea of no contest, the defendant would be admitting to the truth of the facts as alleged in the complaint in accordance with Crim.R. 11(B)(2). That is generally the reasoning behind a defendant making the decision to enter a plea of no contest rather than a plea of guilty in the first place. This is because, unlike a defendant's plea of no contest, which, as stated previously, serves merely as an admission of the truth of the facts alleged in the indictment, information, or complaint under Crim.R. 11(B)(2), a defendant's plea of guilty

is a "complete admission of the defendant's guilt" pursuant to Crim.R. 11(B)(1), the benefit of which "'is the elimination of the risk of receiving a longer sentence after trial.'" *State v. Hisel*, 2d Dist. Montgomery No. 29322, 2023-Ohio-859, ¶ 16, quoting *Clark*, 2008-Ohio-3748 at ¶ 25.

{¶ 19} In so holding, we note that "Crim.R. 11(E) does not require that the court address the defendant personally when it informs him of the effect of the plea or determine that the defendant understands the effect of the plea." *State v. Perin*, 4th Dist. Athens No. 18CA20, 2019-Ohio-4817, ¶ 16. Crim.R. 11(E) also "'does not require the trial court to personally address the defendant and determine that he is making his plea voluntarily.'" *State v. Wright*, 2d Dist. Montgomery No. 26471, 2015-Ohio-3919, ¶ 17, quoting *State v. Hopkins*, 2d Dist. Greene No. 2002-CA-108, 2003-Ohio-5963, ¶ 16. Rather, as noted above, Crim.R. 11(E) merely requires the trial court to inform the defendant of the effect of his or her plea by advising the defendant of the appropriate language found under Crim.R. 11(B)(1) and (2). This is unlike Crim.R. 11(C)(2)(b), which provides that, in felony cases, the trial court may refuse to accept a defendant's plea of no contest, and shall not accept a defendant's plea of no contest, without "[i]nforming the defendant of and determining that the defendant understands the effect of the plea * * *."

{¶ 20} Simply "informing the defendant of Crim.R. 11(B)(1) and (2) automatically satisfies the 'effect of the plea' requirement * * *" set forth under Crim.R. 11(E). *Jones*, 2007-Ohio-6093 at ¶ 22. To the extent Johnson claims otherwise, or to the extent in which Johnson argues Crim.R. 11(E) required the trial court to do something more than what it did, such argument is meritless. Therefore, because there is no dispute that the trial court informed Johnson of the effect of his no contest plea in accordance with Crim.R. 11(E) both orally and in writing, and finding nothing in the record to indicate Johnson did not subjectively understand that, by entering a plea of no contest, Johnson would be

admitting to the truth of the facts as alleged in the complaint, including the fact that he acted knowingly, or having reasonable cause to believe, that the tablet had been obtained through the commission of a theft offense, Johnson's argument challenging his no contest plea as being anything other than knowingly, intelligently, and voluntarily made lacks merit. Accordingly, finding no merit to any of the arguments raised by Johnson herein, Johnson's first assignment of error lacks merit and is overruled.

{¶ 21} Assignment of Error No. 2:

{¶ 22} THE TRIAL COURT ERRED BY FINDING APPELLANT GUILTY AFTER APPELLANT'S NO CONTEST PLEA BECAUSE THE FINDING OF GUILT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

{¶ 23} In his second assignment of error, Johnson argues the trial court's decision finding him guilty was not supported by sufficient evidence. This is because, according to Johnson, the recitation of facts read into the record by the trial court did not allege either that (1) he knew the tablet that was stolen or that (2) he had reasonable cause to believe that the tablet was obtained through a theft offense. Johnson also argues the trial court's decision finding him guilty was not supported by sufficient evidence because the trial court's recitation of the facts did not establish the trial court as a proper venue. We disagree with both of Johnson's claims.

{¶ 24} Pursuant to R.C. 2937.07, which governs no contest pleas in misdemeanor cases, "[a] plea to a misdemeanor offense of 'no contest' or words of similar import shall constitute an admission of the truth of the facts alleged in the complaint and that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense." The explanation-of-circumstances requirement "exists to provide an extra layer of procedural protection to the defendant," *Girard v. Giordano*, 155 Ohio St.3d 470, 2018-Ohio-5024, ¶ 15, that is designed "to ensure that the trial court does

not make a finding of guilty in a perfunctory fashion." *State v. Haskamp*, 12th Dist. Clermont No. CA2019-04-033, 2020-Ohio-419, ¶ 13. Thus, given the statute's plain language, "a no contest plea may not be the basis for a finding of guilty without an explanation of circumstances." *Cuyahoga Falls v. Bowers*, 9 Ohio St.3d 148, 150 (1984).

**{¶ 25}** "The government bears the burden of ensuring that an explanation of circumstances appears on the record before a conviction is entered." *Oakwood v. Lammers*, 2d Dist. Montgomery No. 28853, 2021-Ohio-1518, ¶ 24; *State v. Hair*, 6th Dist. Lucas No. L-22-1172, 2023-Ohio-2423, ¶ 14 ("[t]he state bears the burden of ensuring that an explanation of circumstances appears on the record before a conviction is entered"). "[W]hether the court or the prosecutor recites the explanation into the record is immaterial." *State v. Murphy*, 116 Ohio App.3d 41, 45 (9th Dist.1996). This is because "the explanation can be provided in other ways than reciting the facts by the prosecution." *State v. Jenkins*, 3d Dist. Hancock Nos. 5-15-21 thru 5-15-23, 2016-Ohio-1428, ¶ 7.

**{¶ 26}** Unfortunately, R.C. 2937.07 does not define the phrase "explanation of circumstances." *State v. Osterfeld*, 2d Dist. Montgomery No. 20677, 2005-Ohio-3180, ¶ 6. However, although not statutorily defined, case law indicates that the explanation-of-circumstances requirement is not stringent and "does not need to prove beyond a reasonable doubt the elements of the offense." *State v. Maley*, 7th Dist. Columbiana No. 01 CO 38, 2002-Ohio-5220, ¶ 8. Rather, the explanation-of-circumstances requirement merely calls for, "at a minimum, some positive recitation of facts which, if the court finds them to be true, would permit the court to enter a guilty verdict and a judgment of conviction on the charge to which the accused has offered a plea of no contest." *State v. Neal*, 6th Dist. Lucas No. L-17-1193, 2018-Ohio-2596, ¶ 13. Thus, the explanation-of-circumstances requirement does not mandate that sworn testimony be taken by the trial court. *State v. Cox*, 12th Dist. Madison No. CA2001-01-003, 2001 Ohio App. LEXIS 4277,

*3 (Sept. 24, 2001).

{¶ 27} "The explanation of circumstances may [instead] be satisfied by an arresting officer's statement to the court, or by the trial court through its reading of the officer's notes on the back page of the complaint." (Internal citation deleted.) *State v. Hoskins*, 12th Dist. Butler No. CA98-07-143, 1999 Ohio App. LEXIS 2669, *5 (June 14, 1999). "[T]he explanation of circumstances might even come from a statement by the accused who entered the plea." *State v. Keplinger*, 2d Dist. Greene No. 98-CA-24, 1998 Ohio App. LEXIS 6129, *4 (Nov. 13, 1998). Therefore, immaterial as to who actually provides the necessary explanation of circumstances on the record, what matters is that the record "affirmatively demonstrate[s] that a sufficient explanation of circumstances was made" as required by R.C. 2937.07. *State v. Schornak*, 2d Dist. Greene No. 2014-CA-59, 2015-Ohio-3383, ¶ 8.

{¶ 28} In this case, the trial court's recitation of facts was more than sufficient to satisfy the explanation-of-circumstances requirement set forth under R.C. 2937.07. This included facts that clearly indicated Johnson either knew the tablet he pawned was stolen or had reasonable cause to believe the tablet he pawned was obtained through a theft offense. These facts included, for example, the fact that Johnson pawned the $250 tablet for a mere $51 just over 48 hours after it had been stolen. That Johnson attempted to explain away how he came into possession of the stolen tablet by claiming he had purchased it from a friend at a family gathering for $30 shortly after the theft occurred does not help his case. *See, e.g., State v. Caldwell*, 10th Dist. Franklin No. 99AP-1107, 2000 Ohio App. LEXIS 5294, *19 (Nov. 16, 2000) ("defendant's purchase of expensive, professional photography equipment from a stranger on the street shortly after the theft, coupled with the swift resale of that equipment for a fraction of its value, constitutes evidence sufficient to support an inference that he knew or had reasonable cause to

- 12 -

believe that the photography equipment was stolen").  "In the prosecution for receiving stolen property, the trier of fact 'may infer guilty knowledge when the defendant's possession of recently stolen property either goes unexplained or is not satisfactorily explained in the context of the surrounding circumstances, as shown by the evidence.'" *State v. Pangburn*, 12th Dist. Clermont No. CA2015-11-095, 2016-Ohio-3286, ¶ 15, quoting *State v. Emery*, 6th Dist. Lucas No. L-11-1228, 2013-Ohio-208, ¶ 18.  Such is the case here.

{¶ 29} The trial court's recitation of the facts did not end there, however.  The trial court's recitation of facts also included the fact that Johnson's vehicle was being serviced by Jeff Wyler at the same time the tablet was stolen from its service area.  While Johnnson's vehicle was being serviced, Johnson received a loaner vehicle from Jeff Wyler, a gray Honda Accord.  The loaner vehicle that Johnson received from Jeff Wyler matched the appearance of the vehicle seen on video surveillance in the area where the subject who stole the tablet both entered into and exited from Jeff Wyler's service area.  Johnson was then observed on video surveillance in that same loaner vehicle, the gray Honda Accord, when taking the tablet to the pawn shop to be sold just over 48 hours later.  Although not direct evidence of Johnson's guilt, this serves as circumstantial evidence that places Johnson in the area at the time the tablet was stolen, thereby providing further evidence to indicate Johnson either knew, or had reasonable cause to believe, that the tablet he had later sold for a mere $51, had been obtained through the commission of a theft offense.  "A conviction based on circumstantial evidence is no less sound than one based on direct evidence."  *State v. Barnett*, 12th Dist. Butler No. CA2008-03-069, 2009-Ohio-2196, ¶ 53.  Therefore, to the extent Johnson claims that his conviction was not supported by sufficient evidence because the trial court's recitation of facts failed to allege either that he knew the tablet was stolen, or that he had reasonable cause to believe the

tablet was obtained through a theft offense, such claims lack merit.

{¶ 30} The trial court's recitation of facts also included facts establishing the trial court as a proper venue. This included facts that established the tablet had been stolen from Jeff Wyler, a well-known local car dealership located in Fairfield, Butler County, Ohio. However, even if we were to find the trial court's recitation of facts was deficient as it relates to venue, Johnson's plea of no contest, standing alone, disposed of this issue. This is because, as noted above, the complaint specifically stated that the crime occurred in Fairfield, Butler County, Ohio. *See, e.g., State v. Schmidhammer*, 10th Dist. Franklin No. 93APC10-1452, 1994 Ohio App. LEXIS 2319, *8 (May 24, 1994) ("by pleading no contest to the driving while under the influence charge, defendant has admitted the fact that the alleged crime occurred in Franklin County, Ohio [as set forth within the complaint]. This admission results in a waiver of any right defendant may have had to contest venue in the Franklin County Municipal Court, and, thus, relieves the prosecution of the burden of proving that the alleged offense of driving while under the influence occurred in Franklin County, the county in which the proceedings were held"). Therefore, to the extent Johnson claims his conviction was not supported by sufficient evidence because the trial court's recitation of facts failed to establish the trial court as a proper venue, such a claim also lacks merit.

{¶ 31} In so holding, we again note that the explanation-of-circumstances requirement set forth under R.C. 2937.07 is nothing more than "procedural protection, rather than a part of the prosecution's burden of proof * * *." *Giordano*, 2018-Ohio-5024 at ¶ 19. Thus, the explanation of circumstances provided need not establish all the essential elements of the crime charged beyond a reasonable doubt. *Id.* "If an explanation of circumstances were necessary to establish the elements of the crime, the need for such a requirement would be even greater in felony cases—where the stakes

are higher—than in misdemeanor cases." *Id.* But, "no such requirement exists in felony cases." *Id.* Therefore, because the record in this case indicates that the trial court fully understood the circumstances surrounding the crime for which Johnson plead no contest, Johnson's argument that the trial court's decision finding him guilty of first-degree misdemeanor receiving stolen property in violation of Fairfield Municipal Ordinance 545.18(a) was not supported by sufficient evidence lacks merit. *See, e.g., State v. Erdman*, 12th Dist. Butler No. CA2016-07-126, 2017-Ohio-1092, ¶ 14 (finding the explanation-of-circumstances requirement set forth under R.C. 2937.07 was satisfied where "the record clearly indicates that the municipal court fully understood the circumstances surrounding [appellant's] charge and subsequent [no contest] plea"). Accordingly, finding no merit to any of the arguments raised by Johnson herein, Johnson's second assignment of error also lacks merit and is overruled.

**{¶ 32}** Judgment affirmed.

PIPER and M. POWELL, JJ., concur.